UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JAMES,

    Plaintiff,

v.                                        Case No:   2:21-cv-431-JLB-MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

The Magistrate Judge has entered a Report and Recommendation, recommending that the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for a period of disability and disability insurance benefits be affirmed. Plaintiff filed timely objections.[1] (Doc. 25.) Plaintiff's objections, however, merely reraise, albeit with much less specificity, the arguments presented to the Magistrate Judge that were correctly dismissed and otherwise fail to show reversible error with the Administrative Law Judge's ("ALJ") evaluation of record evidence and ultimate conclusion. Upon review of Plaintiff's objections, the Report and Recommendation, and the entire record, the Court finds that substantial evidence supports the ALJ's decision. Thus, Plaintiff's objections (Doc. 25) are **OVERRULED**.

---

[1] The Commissioner has not responded to Plaintiff's objection and the time to do so has expired.

## STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. In the Social Security context, an ALJ's decision must be "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]. Even if [the Court] find[s] that the evidence preponderates against the [ALJ's] decision, [it] must affirm if the decision is supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

## DISCUSSION

Plaintiff begins by arguing that the ALJ erred in analyzing the restrictive limitations in Dr. Brittany Nelsen and Dr. Nilufer Taner's opinions. (Doc. 25 at 1.) Citing portions of his brief that identified "other evidence the ALJ did not assess in their opinion analyses," Plaintiff asserts that the ALJ merely dealt with evidence unfavorable to Plaintiff while failing to "address contrary evidence." (Id. at 2.) Next, Plaintiff argues that Dr. Cheryl Kasprzak's findings cannot constitute

"sufficient support to overcome the disabling limitations opined by Dr. Nelsen and Dr. Taner" because Dr. Kasprzak ostensibly "did not offer a meaningful opinion." (Id. at 2–3.) Plaintiff likewise maintains that the "opinion of the State Agency consultants" did not "provide further significant support for the ALJ's [residual functional capacity ("RFC")] assessment and decision." (Id. at 3.) Plaintiff neither expands on these points nor cites authority in support. But a review of the arguments presented to the Magistrate Judge reveals that Plaintiff challenges the accuracy or weight of the opinions of these medical sources. (See id. (citing Doc. 23 at 33).)

It is the ALJ's responsibility to determine a claimant's RFC, which is the most a claimant can do despite his or her work-related impairments. 20 C.F.R. § 404.1545(a). This assessment must be based on all relevant evidence in the record before the ALJ. See 20 C.F.R. § 404.1520(e). And in reaching this conclusion, "it is not enough [for the ALJ] to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986). Even so, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable" this Court "to conclude that the ALJ considered [the claimant's] medical condition as a whole." Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014) (quotation omitted).

Plaintiff objects to the Magistrate Judge's determination that the ALJ appropriately considered Dr. Nelsen and Dr. Taner's opinions. Specifically, Dr. Nelsen and Dr. Taner opined that Plaintiff had more restrictive limitations than the ALJ ultimately accounted for in Plaintiff's RFC. (Doc. 17-3 at 20–22.) But, as the Magistrate Judge correctly noted, the ALJ expressly addressed why these restrictive limitations were unpersuasive and identified specific evidence inconsistent with or unsupportive of Dr. Nelsen and Dr. Taner's opinions. (Doc. 24 at 16–17, 19–20.) The Magistrate Judge also correctly rejected Plaintiff's argument that "some evidence of record is consistent with and bolsters Dr. Nelsen's [or Doctor Taner's] opinions" because the "mere fact that other evidence of record supports a different conclusion does not require remand." (Id.) That Plaintiff may disagree with the ALJ's analysis of the medical evidence does not mean that the ALJ glossed over Plaintiff's condition as a whole or simply cherrypicked evidence unfavorable to Plaintiff, as Plaintiff again suggests. (Doc. 25 at 2.) In fact, when discussing the opinion of a state agency reviewing psychologist, the ALJ found Plaintiff "more limited than assessed" in the "areas of understanding, remembering, and applying information and adaptation or managing oneself," reinforcing that the ALJ reviewed all relevant evidence—both favorable and unfavorable—in formulating Plaintiff's RFC. (Doc. 17-13 at 19.) Simply put, the ALJ need not discuss every piece of evidence that Plaintiff may cite. Nor will this Court, at Plaintiff's urging, substitute its judgment for that of the ALJ's in his finding that

Dr. Nelsen and Dr. Taner's opinions were unpersuasive given that the ALJ expressly articulated the reasoning and evidence for doing so.

The same applies to Plaintiff's argument that Dr. Kasprzak did not offer an opinion where Plaintiff makes an unpersuasive, overly formulistic argument, at best. Without explanation, Plaintiff suggests that "the Magistrate Judge appears to overlook Plaintiff's argument that Dr. Kasprzak did not really offer an opinion though the ALJ found the opinion persuasive nonetheless." (Doc. 25 at 2.) Looking to the argument Plaintiff presented to the Magistrate Judge, Plaintiff mischaracterizes Dr. Kasprzak's findings by stating that "Dr. Kasprzak was not willing to actually provide an assessment" of Plaintiff. (Id. (citing Doc. 23 at 31).) To be clear, Dr. Kasprzak refused to complete a standard form titled, Medical Source Statement of Ability to do Work Related-Activities (Mental). (Doc. 17-26 at 37–39.) Dr. Kasprzak refused to complete this standard form because Plaintiff, in Dr. Kasprzak's opinion, "presented as exaggerating symptomatology." (Id. at 36.) Put differently, Plaintiff, in Dr. Kasprzak's opinion, was exaggerating or fabricating the severity of his symptoms. (See id. at 34–36.) And while Dr. Kasprzak stated that Plaintiff's "[i]ntellectual ability is unable to be assessed at this time," accounting for this malingering and based on a series of tests administered to Plaintiff, Dr. Kasprzak concluded that Plaintiff "most likely possesses the requisite skills and cognitive capacity to manage finances independently of others." (Id. at 34, 36.) The ALJ acknowledged all of this in his discussion of Dr. Kasprzak's opinion and identified other evidence of record which the ALJ found supportive of

and consistent with the same. (Doc. 17-13 at 22.) Again, that Plaintiff disagrees with the ALJ's evaluation of the evidence does not mean Dr. Kasprzak failed to provide an opinion whatsoever.

Last, to the extent Plaintiff argues remand is appropriate because the ALJ erred in relying on State Agency consultants who did not examine Plaintiff, the Magistrate Judge correctly rejected this position in finding that a psychologist's relationship (i.e., actual examination) with a claimant is but one of several factors considered in reviewing a medical opinion. (Doc. 24 at 26 (citing 20 C.F.R. § 404.1520c(3)).) Additionally, Plaintiff relies on an Eleventh Circuit case cautioning against evaluating a claimant's disability without personally examining a claimant but that holding, in context, states that "reports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision." Spencer ex rel. of Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985) (emphasis added). It is clear from this Court's review of the record that the ALJ relied on more than just a non-examining consultant's opinion in formulating Plaintiff's RFC and thus this argument does not justify remand. After careful review of the record, the Court finds that to determine otherwise would be disingenuous and inaccurate.

At bottom, Plaintiff fails to show reversible error with the Magistrate Judge's recommendation. The Magistrate Judge correctly dismissed Plaintiff's invitation to reweigh the medical evidence of record considered by the ALJ and applied the correct legal standards. Based on the Court's independent review, the Court also

agrees with the Magistrate Judge that the ALJ reviewed all relevant evidence in formulating Plaintiff's RFC, even if the ALJ failed to expressly mention every single portion of the record.   Thus, the Magistrate Judge did not err in determining that the ALJ's conclusion was supported by substantial evidence.

Accordingly, it is **ORDERED**:

1. Plaintiff's objections (Doc. 25) are **OVERRULED**.
2. The Report and Recommendation (Doc. 24) is **ADOPTED** and made a part of this Order for all purposes.
3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** at Fort Myers, Florida, on September 6, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE